UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ESTATE OF JERMAINE CLAYBROOKS,
by Co-Special Administrators,
JOAN McCANTS and KEYANNA ALLEN,
BIOLOGICAL MINOR CHILDREN        Case No. 2:19-cv-160
J.J.C., by and through KEYANNA ALLEN,
as parent and guardian, and J.D.C., by and
through MARKIA S. LOVE, as parent and
guardian,

                Plaintiffs,

v.

MILWAUKEE POLICE OFFICERS JOHN SCHOTT,
MARTEZ BALL, and JOHN IVY, WEST ALLIS
POLICE OFFICERS TODD KURTZ, and
P.O. DANIEL DITTORICE, and SPECIAL AGENT
JAMES KRUEGER, Drug Enforcement Agency,

                Defendants.
_____/

## FEDERAL RULE OF CIVIL PROCEDURE 26(f) REPORT

Pursuant to the Court's Notice for the Federal Rule of Civil Procedure ("FRCP") 16 Scheduling Conference, the Plaintiffs and the Defendants respectfully submit their joint FRCP 26(f) Report, following their FRCP 26(f) Conference, which was conducted on July 30, 2019 at 4:00 p.m.

### I. Nature of the Case

The Plaintiffs have commenced a federal civil rights action under the Fourth and Fourteenth Amendments to the Constitution of the United States and Title 42 of the United States Code, Section 1983. Plaintiffs bring this action to obtain compensatory damages, punitive

damages, attorneys' fees, costs and equitable relief for the serious personal injuries and resulting death of Jermaine Claybrooks, who they claim was unlawfully subjected to excessive force when he was shot over fourteen times on March 16, 2017 by Defendants John Schott, Martez Ball, John Ivy, Todd Kurtz, Daniel Dittorrice and James Krueger.

Defendants Schott, Ball and Ivy (collectively the "Milwaukee Defendants") maintain that any use of force by them was reasonable and lawful, given the circumstances presented to them by Mr. Claybrooks. The Milwaukee Defendants also maintain that their actions are protected by the defense of qualified immunity.

Defendants Kurtz and DiTorrice (collectively the "West Allis Defendants") maintain that any use of force by them was reasonable and lawful, given the circumstances presented to them by Mr. Claybrooks. The West Allis Defendants also maintain that their actions are protected by the defense of qualified immunity.

## II. Any Contemplated Motions

The Milwaukee Defendants anticipate bringing a motion for summary judgment regarding all claims raised against them. The parties also reserve the right to seek leave to amend pleadings by motion, if a stipulation cannot be reached.

The West Allis Defendants anticipate bringing a motion for summary judgment regarding all claims raised against them. These Defendants also reserve the right to seek leave to amend pleadings by motion, if a stipulation cannot be reached.

## III. Discovery Plan

A. <u>What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made</u>.

The parties will make their FRCP 26(a) initial disclosures by September 15, 2019. The parties do not anticipate any changes to the form or requirement for the disclosures.

B. <u>The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues</u>.

1. The subjects on which discovery may be needed:

    a. The factual circumstances regarding the subject incident; and

    b. The injuries/damages sustained by Mr. Claybrooks and any Plaintiff.

2. When discovery should be completed.

    The parties expect that all discovery should be completed by May 15, 2020.

3. Whether discovery should be conducted in phases or limited to or focused on particular issues.

    Not applicable.

C. <u>Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced</u>.

The parties do not anticipate any issues about disclosure or discovery of electronically stored information.

D. <u>Any Issues About Claims Of Privilege Or Of Protection As Trial-Preparation Materials, Including – If The Parties Agree On A Procedure To Assert These Claims After Production – Whether To Ask The Court To Include Their Agreement In An Order</u>.

The parties do not anticipate any issues about claims of privilege or protection of trial-preparation materials. The parties anticipate filing a stipulation and proposed order regarding confidentiality of discovery materials.

E. <u>What Changes Should Be Made In The Limitations On Discovery Imposed Under These Rules Or By Local Rule, And What Other Limitations Should Be Imposed</u>.

The parties disagree about whether it will be necessary to exceed the 10-deposition limit set forth in FRCP 30(a)(2)(A)(i) and FRCP 31(a)(2)(A)(1). However, the parties will work in good faith to agree on the number of depositions, and will seek guidance from the Court, if necessary.

F. <u>Any other orders that the court should issue under FRCP 26(c) or under FRCP 16(b) and (c)</u>.

The following are our proposed cut-off dates with respect to various issues in this case:

1. Filing of Initial Disclosures: September 15, 2019

2. Plaintiffs' Expert Disclosures: February 15, 2020

3. Defendants' Expert Disclosures: April 15, 2020

4. Cut off date for Discovery: May 15, 2020

5. Dispositive Motions: June 1, 2020

Dated this 30th day of July, 2019

By: *Electronically signed by Walter W. Stern III*
WALTER W. STERN III
Counsel for Plaintiff
920 85th Street, Unit 123
Kenosha, WI 53143
(262) 880-0192/(262) 997-1101
wstern1@wi.rr.com

Dated this 30th day of July, 2019

*Electronically signed by Susan E. Lappen*
SUSAN E. LAPPEN
Assistant City Attorney for the City of Milwaukee
Counsel for Defendants
Room 800, City Hall

200 E. Wells Street
Milwaukee, WI 53202
slappe@milwaukee.gov

Dated this 30th day of July, 2019

By: *Electronically signed by John A. Wolfgang*
John A. Wolfgang WI Bar Number: 1045325
Attorneys for Defendants West Allis
Police Officers Todd Kurtz, and Daniel
Dittorrice
GUNTA LAW OFFICES, S.C.
9898 West Bluemound Road, Suite 2
Wauwatosa, Wisconsin 53226
Telephone: (414) 291-7979
Facsimile: (414) 291-7960
E-mail: jaw@guntalaw.com